UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01231-ODW (JDEx) | Date | March 18, 2026 |
|---|---|---|---|
| Title | *Huanping Zhang v. Fereti Semaia et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Daniel Torrez | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**   **ORDER GRANTING TRO [3]**

On March 17, 2026, Petitioner Huanping Zhang filed an Ex Parte Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 3.) Respondents oppose the TRO. (Opp'n, Dkt. No. 7.) For the following reasons, the Court **GRANTS** Petitioner's TRO.[1]

Zhang is a native and citizen of the People's Republic of China. (Pet. ¶ 4, Dkt. No. 1.) On or around November 30, 2023, Zhang entered the United States without inspection. (*Id.* ¶ 17.) Immigration and Customs Enforcement ("ICE") subsequently detained Zhang. (*Id.*) On or about December 1, 2023, Respondents placed Zhang in removal proceedings. (*Id.* ¶ 18.) On or about December 2, 2023, Respondents released Zhang on an Order of Recognizance. (*Id.* ¶ 19.) Respondents required Zhang to appear for periodic ICE reporting. (*Id.*)

Zhang complied with all terms of her release and regularly reported to ICE as required. (*Id.* ¶ 21.) Since her release, Zhang established a life in the United States, worked to support herself, paid taxes., enrolled in English classes, and has not committed any crimes. (*Id.*)

On January 21, 2026, ICE arrested Zhang during a routine check-in. (*Id.* ¶ 22.) Respondents currently hold Zhang at ICE's Adelanto Processing Center. (*Id.* ¶ 1.) Prior to her re-detention, Respondents did not provide Zhang with an individualized custody determination, a bond hearing, or an opportunity to be heard as requited under 8 U.S.C. § 1226(a). (TRO 12.)

---

[1] Zhang raises a legal question whether she is entitled to a bond hearing under 8 U.S.C. § 1225(a). (TRO 12.) The Court has jurisdiction to review "the purely legal question" that Zhang raises. *See United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01231-ODW (JDEx) | Date | March 18, 2026 |
|----------|--------------------------|------|----------------|
| Title | *Huanping Zhang v. Fereti Semaia et al.* | | |

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, Zhang is likely to succeed in arguing that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), governs her detention. (TRO 11–13.) The Court has considered this identical issue in nearly identical factual circumstances and incorporates and adopts by reference its analyses in those recent decisions. *See, e.g.*, *Garcia v. Noem*, No. 5:25-cv-02771-ODW (PDx), 2025 WL 2986672, at *2–4 (C.D. Cal. Oct. 22, 2025); *Kumar v. Santacruz Jr.*, No. 5:56-cv-00297-ODW (SSCx), 2026 WL 246018, at *3 (C.D. Cal. Jan. 26, 2026) (collecting cases). Furthermore, Respondents do not dispute that § 1226(a) governs Zhang's detention. (*See* Opp'n 2–3.) In fact, Respondents acknowledge that Zhang would be entitled to a bond hearing under § 1226(a). (*Id.* at 2 (arguing that "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under [§] 1226(a)").)

Second, Zhang is likely to suffer irreparable harm because his detention without a bond hearing constitutes a deprivation of due process. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting that "[f]reedom from imprisonment . . . lies at the heart of the liberty" that the Due Process Clause protects); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01231-ODW (JDEx) | Date | March 18, 2026 |
|---|---|---|---|
| Title | *Huanping Zhang v. Fereti Semaia et al.* | | |

Finally, Zhang has demonstrated that the balance of equities and the public interest require injunctive relief. (TRO 13–14.) As the Court has previously expressed, "to the extent that the [Board of Immigration Appeals'] adopted statutory interpretation deprives [Zhang] of [her] constitutional rights and violates federal law, 'it is clear that neither equity nor the public's interest are furthered by allowing violations of federal law to continue.'" *Gonzalez v. Noem*, No. 5:25-cv-02054-ODW (ADSx), 2025 WL 2633187, at *6 (C.D. Cal. Aug. 13, 2025) (quoting *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022)). Should Zhang continue to be detained without a bond hearing, "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez*, 52 F.4th at 832.

For these reasons, the Court finds that all four *Winter* factors weigh in favor of a TRO. Accordingly, the Court **GRANTS** the TRO. (Dkt. No. 3.) The Court **ORDERS** the following:

- Respondents shall release Zhang or, in the alternative, provide Zhang with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of the date of this Order;

- Respondents are **ENJOINED** from relocating Zhang outside of the Central District of California pending final resolution of this case; and

- Respondents shall **SHOW CAUSE**, in writing only, to be received by the Court no later than **March 25, 2026**, as to why the Court should not issue a preliminary injunction in this case. Zhang may file a reply by **March 27, 2026**. The Court **SETS** a hearing on the preliminary injunction on **April 1, 2026, at 9:00 a.m.**, via Zoom.

**IT IS SO ORDERED**.

:      00

Initials of Preparer    DT